UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> HORIZON GROUP USA, INC., <br><br> Defendant. | Civil Action No. <br><br><br> (JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiff Best Brands Consumer Products, Inc. ("Plaintiff" or "Best Brands"), by its attorneys, hereby complains of Defendant Horizon Group USA, Inc. ("Horizon" or "Defendant"), as follows:

**INTRODUCTION**

1. Best Brands brings this action seeking a declaratory judgment that Best Brands' Mix'n Play Slime Sets do not infringe Defendant's alleged Trademark or Trade Dress Rights. Specifically, Best Brands seeks a declaratory judgment that it does not infringe Defendant's alleged trademarks, SLIMYGLOOP® and MIX'EMS™, nor does it infringe on any alleged trade dress rights asserted by Defendant.

2. Best Brands also seeks a declaratory judgment that Defendant does not have any valid trade dress or trademark rights, and/or does not have rights in the breadth or form that it is asserting.

3. Best Brands also seeks damages for Defendant's tortious interference with Best Brands' business relationships.

## THE PARTIES

4. Plaintiff Best Brands is a New York corporation having its principal place of business at 25 Merrick Avenue, Suite 2, Merrick, New York 11566.

5. Upon information and belief, Horizon is a corporation organized and existing under the laws of New Jersey and having its principal place of business at 45 Technology Drive South, Warren, NJ 07059.

## JURISDICTION AND VENUE

6. This is an action arising under the Lanham Act, 15 U.S.C. §§ 1051 and 1125(a), *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §§ 1051 and 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Defendant and venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because, upon information and belief, Defendant resides in New Jersey and has engaged in acts constituting doing business in the State of New Jersey, including in this judicial district. Defendant transacts and does business, including selling and promoting products containing the designs that Defendant asserts that Best Brands has infringed.

## FACTS

9. Best Brands is a company that sells consumer products.

10. Best Brands has offered the Mix'n Play Slime product at issue in this litigation for sale to customers in the United States. An image of its Mix'n Play Slime product is attached hereto as Exhibit 1.

11. To date, Horizon has engaged in communications with Best Brands in which Horizon has alleged that Best Brands' product infringes Horizon's intellectual property rights.

12. Horizon has alleged that sales of Best Brands' product constitutes trademark and trade dress infringement and has threatened to bring a lawsuit against Best Brands for the same.

13. Likewise, Horizon has threatened to interfere with Best Brands' sales to its customers, indicating that it will contact Best Brands' retailers alleging that Best Brands' product infringes upon Horizon's intellectual property rights.

14. As a result of Defendant's threats of litigation and the circumstances surrounding those threats, an actual, present, and justiciable controversy has arisen between Best Brands and Horizon regarding Best Brands sale of its Mix'n Play Slime product.

**PLAINTIFF'S NON-INFRINGEMENT OF DEFENDANT'S ALLEGED TRADEMARKS**

15. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

16. Horizon is listed as the owner of the SLIMYGLOOP word mark, trademark registration no. 5,470,827. A copy of the trademark is attached as Exhibit 2.

17. Horizon is listed as the owner of the SLIMYGLOOP stylized mark, trademark registration no. 5,470,966. A copy of the trademark is attached as Exhibit 3.

18. Horizon is listed as the owner of n application for the mark SLIMYGLOOP MIX'EMS, trademark serial no. 8,807,2148. A copy of the trademark application is attached as Exhibit 4.

19. The word "slime" is very common in the marks in international class 28 relating to children's activity kits.

20. The word "mix" is also very common in the marks in international class 28 relating to children's activity kits.

21. Further, "SLIMYGLOOP" and "SLIME" are not confusingly similar. Slime is a generic word which is commonly used and descriptive of the contents, which is slime. Best Brands' fair use of the word slime cannot be considered an infringement of the trademark "SLIMYGLOOP." The two marks are not similar. To use the word slime on a package of a children's slime kit is common and reasonable. Third parties also use this word in connection with similar products, such as, for example, the Nickelodeon Slime collection, the Science Academy Slime Lab, and Steve Spangler's Super Slime just to list a few. Mattel introduced a toy product "Slime" in February 1976.

22. Likewise, "Mix'n Play" and "MIX'EMS" are not confusingly similar. The only similarity is that they both contain words which are generic and descriptive of the activity of mixing slime with other toy ingredients. The two terms do not sound alike at all. Further, Mix'n Play consists of two words while MIXEMS is one word.

23. Defendant does not have exclusive rights to the use of the word "slime" or "mix." Those words are commonly used by third parties in the marketplace in connection with the same, and related, goods and services.

24. Based on, *inter alia,* the applicable facts of the parties' respective usages, third party trademark usage in the marketplace, and the meaning and use of the terms in question, there is no likelihood of confusion under the applicable legal standards.

25. Best Brands' product and the use of the words "Slime" or "Mix" does not infringe on any of Horizon's alleged trademarks.

## PLAINTIFF'S NON-INFRINGEMENT
## OF DEFENDANT'S ALLEGED TRADE DRESS

26. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

27. Horizon alleges that it has certain trade dress rights in the look of its product.

28. Under the applicable legal standards, Best Brands disputes that Horizon has the alleged trade dress rights in the breadth and/or form that it is trying to assert.

29. Moreover, Horizon's alleged trade dress, if any, is very limited.

30. There are numerous companies selling very similar slime products and customers look at the differences before choosing a slime activity kit for their children.

31. Best Brands' product and packaging is not sufficiently similar to Horizon's product and packaging such that there would be confusion. A photograph (attached hereto) containing Best Brands' and Horizon's products is Exhibit 5. Best Brands' product is on the left and Horizon's product is on the right.

5

32. For example, the artwork on the boxes is different.

33. Furthermore, the boxes of the various packaging are different sizes and shapes from each other. Horizon's product has an asymmetrical shape while Best Brands product has a traditional rectangular shape. Likewise, the hole that goes on the hook for display are also different as Horizon uses an asymmetrical shaped hole and Brest Brands uses a traditional circle hole.

34. The font and verbiage on the two packaging are different as well.

35. The product content within the packages are set up in a different configuration.

36. There are numerous of similar looking slime kit activity sets being sold in the marketplace.

37. Best Brands' product and packaging is different overall from Horizon's product and packaging.

38. Furthermore, Horizon is improperly attempting to use alleged trade dress to exclude Best Brands from legally using ideas and functional characteristics in the marketplace in the absence of Horizon having any patent therefor.

39. Horizon is likewise improperly attempting to use alleged trade dress to monopolize methods, articles of manufacture, and other unprotected forms of commercialization, without having any patent protection thereon.

40. Horizon does not have any alleged trade dress rights and/or does not have any such rights in the scope that it is attempting to assert.

41. Best Brands' product does not infringe Horizon's trade dress rights, if any.

6

## DEFENDANT'S TORTIOUS INTERFERENCE WITH
## PLAINTIFF'S BUSINESS RELATIONSHIP

42.　Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

43.　Plaintiff Best Brands and Defendant Horizon are competitors in the field of Children's Slime Kit Activity products.

44.　Among other retail customers, Plaintiff sells its product in Walmart with which it has a business relationship.

45.　Defendant has threatened to contact retailers and halted all sales of Best Brands' product.

46.　Based on Defendant's statements, Defendant intends to interfere with Best Brands' relationship with its retail customers, or, upon information and belief, has already taken steps to interfere therewith.

47.　Defendant's actions are intended to interfere with Plaintiff's sales and its relationship with Walmart.

48.　Defendant's interference was done with malice.

49.　Defendant's interference was done without lawful justification.

50.　Defendant's interference has caused damage to Plaintiff Best Brands.

## COUNT I

**(Declaration of Non-Infringement of Defendant's Alleged Trademarks)**

51.　Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

52. Defendant has asserted that Best Brands' sale of its Slime Sets product, infringe on its alleged trademarks to SLIMYGLOOP® (Trademark Registration Nos. 5,470,827; and 5,470,966) and MIX'EMS™ the "tagline Just Mix & Play" and has threatened to bring a lawsuit against Best Brands. An actual, present, and justiciable controversy has arisen between Defendant and Best Brands concerning Best Brands' use and sale of its Slime Sets.

53. Best Brands seeks declaratory judgment that its manufacture, use, offer for sale, and/or sale of Best Brands' Slime Kit product does not infringe on Horizon's alleged trademarks, and does not otherwise violate any of Defendant's trademark rights under the Lanham Act or under the common law of any state in the United States.

54. Best Brands seeks declaratory judgment that Defendant has suffered no, and will not suffer any, damages or loss of good will as a result of the sale of Best Brands' Slime Sets.

55. Best Brands seeks declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125 or the common law of any state of the United States.

## COUNT II

**(Declaration of Non-Infringement of Defendant's Alleged Trade Dress)**

56. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

57. Defendant has asserted that Best Brands' sale of its Slime Kit product, infringes on its Trade Dress and has threatened to bring a lawsuit against Best Brands. An actual, present, and justiciable controversy has arisen between Defendant and Best Brands concerning Best Brands' use and sale of its Slime Kit product.

58. Best Brands seeks declaratory judgment that its manufacture, use, offer for sale, and/or sale of its Slime Kit product does not infringe on Horizon's alleged Trade Dress, and does not otherwise violate any of Defendant's Trade Dress rights under the Lanham Act.

59. Best Brands seeks declaratory judgment that its manufacture, use, offer for sale, and/or sale of its Slime Sets does not infringe on Horizon's alleged trade dress or constitute unfair competition, and does not otherwise violate any of Defendant's Trade Dress rights under the Lanham Act or under the common law of any state of the United States.

60. Best Brands seeks declaratory judgment that Defendant has suffered no, and will not suffer any, damages or loss of good will as a result of the sale of Best Brands' Slime Sets.

61. Best Brands seeks declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125 or the common law of the State of New Jersey.

## COUNT III

**(Declaration of Invalidity of Defendant's
Alleged Trademarks and Trade Dress Rights)**

62. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

63. Defendant has asserted that Best Brands' sale of its Slime Sets infringe on its alleged trademarks to SLIMYGLOOP® (Trademark Registration Nos. 5,470,827 and 5,470,966), MIX 'EMS™, "Just Mix & Play, its packaging trade dress, its product configuration trade dress and has threatened to bring a lawsuit against Best Brands. An actual, present, and justiciable controversy has arisen between Defendant and Best Brands concerning Best Brands' use and sale of its Slime Sets product.

64. Best Brands seeks declaratory judgment that Defendant does not have trade dress and/or trademark rights in the breadth and/or form that it is alleging and/or that any such rights are invalid under the Lanham Act and any and all applicable law.

## COUNT IV

### (Declaration of Lack of Damages to Defendant)

65. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

66. Best Brands seeks declaratory judgment that Horizon has no claim for monetary damages from Best Brands' alleged activities because the trademarks and trade dress asserted by Horizon are invalid and/or do not have the scope asserted, and/or are not infringed.

## COUNT V

### (Defendant's Intentional Interference with Plaintiff's Business Relationship)

67. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

68. Plaintiff has a protectable right in its relationship with Walmart, among other retail customers.

69. Upon information and belief, Defendant has intentionally interfered with that right, and has done so with malice.

70. Defendant has interfered in order to cause damage to Plaintiff Best Brands' relation business relationship with its customer Walmart.

71. Defendant's interference has caused a loss to Best Brands.

72. Defendant's actions constitute tortious interference with business relationship.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and any and all other applicable law, Best Brands prays for relief as follows:

A. Judgment declaring that Best Brands and its affiliates and related companies and their customers and suppliers have the right to use, sell, offer for sale the Slime Kit product, and that Plaintiff Best Brands' product does not infringe Defendant's trademark rights, if any.

B. Judgment declaring that Best Brands and its affiliates and related companies and their customers and suppliers have the right to use, sell, offer for sale the Slime Kit product, and that Plaintiff Best Brands' product does not infringe Defendant's

11

trade dress rights, if any.

  C. Judgment declaring that Horizon does not have trademark and trade dress rights of the breadth and/or form that it is asserting and/or that any such rights are invalid.

  D. Judgment awarding Best Brands its damages for Defendant's tortious interference with Best Brands' business relationships.

  E. Judgment awarding Best Brands its costs and attorney's fees under 15 U.S.C. § 1117, and any other applicable laws.

  F. Judgment awarding such other relief as this Court may deem just and proper.

Dated: November 26, 2018    */s/ Lee A. Goldberg*

            Lee A. Goldberg
            Morris E. Cohen
            Limor Wigder
            GOLDBERG COHEN LLP
            1350 Avenue of the Americas, 3rd Floor
            New York, New York 10019
            (646) 380-2087 (phone)
            (646) 514-2123 (fax)
            LGoldberg@GoldbergCohen.com
            MCohen@GoldbergCohen.com
            LWigder@GoldbergCohen.com